PER CURIAM.
Appellant contends, and we agree, that his conviction for shooting into an occupied vehicle (Count II) and aggravated battery (Count III) must be reversed because the state’s evidence was legally insufficient.
Appellant was involved in an altercation with several other men. His friend, Raymond Branch, drove up to the scene, pulled out a pistol, and started shooting. While the others scattered, Branch and appellant walked over to the vehicle in which the others had arrived and Branch fired several shots into the car. Two shots struck Robert Vaughn, the vehicle’s sole occupant. The two charges against appellant arose out of that incident, appellant being charged on the theory of aider and abettor.
The only evidence connecting appellant to the shooting was the testimony of Vaughn. On direct he testified that as Branch and appellant approached the car, he thought he heard appellant sáy to Branch, “shoot him, shoot him.” On cross-examination, Vaughn admitted that on his pretrial deposition he had testified that it was possible that he had heard appellant say, “don’t shoot him, don’t shoot him.”
Vaughn’s prior deposition testimony, which met the requirements of section 90.801(2)(a) of the Florida Evidence Code, was admissible both as impeachment and as substantive evidence. Moore v. State, 452 So.2d 559 (Fla.1984). This significant inconsistency in the only evidence to sup *112 port the charges against appellant renders this evidence legally insufficient. See Coleman v. State, 592 So.2d 300 (Fla. 2nd DCA 1991); D.J.G. v. State, 524 So.2d 1024 (Fla. 1st DCA 1988). See also, State v. Moore, 485 So.2d 1279 (Fla.1986); Hodge v. State, 315 So.2d 507 (Fla. 1st DCA 1975); Majors v. State, 247 So.2d 446 (Fla. 1st DCA 1971).
The judgment and sentence on each of these counts is reversed and as to them the appellant is ordered discharged.
ANSTEAD and HERSEY, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.