649 So.2d 263 (1994)
Yakob DENNIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-58.
District Court of Appeal of Florida, Fifth District.
December 30, 1994.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Yakob Dennis appeals his conviction and sentence for attempted sexual battery on a *264 child under 12 years of age[1] in count I and capital sexual battery[2] in count II. He was sentenced to consecutive terms of life, including a 25-year mandatory minimum term, and 17 years in prison. We affirm his conviction and his sentence.
The only issue on appeal is whether the trial court erred by allowing a redacted prior inconsistent videotaped deposition of the minor child to be shown to the jury over the objection of Dennis. Prior to the trial, the minor child gave a videotaped deposition. She was under oath and examined and cross-examined by the attorneys. In the videotaped deposition, the child said that Dennis had touched her in her private area with his private area. At trial, the child appeared in person and testified before the jury. The child appeared distraught and recanted her entire statement and said that Dennis never touched her. The state used the redacted videotaped deposition to impeach the child's in court testimony. The state was permitted to play the videotaped deposition for the jury, excising only those portions referring to misconduct alleged to have occurred prior to the crimes charged in the information.
The video tape testimony was admissible for impeachment and substantive purposes because the minor child testified in court. See § 90.801(2)(a), Fla. Stat. (1991). Section 90.801(2)(a) reads in pertinent part:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to crossexamination concerning the statement and the statement is:
(a) Inconsistent with [the declarant's] testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition; (emphasis added).
§ 90.801(2)(a), Fla. Stat. (1991); see also Moore v. State, 452 So.2d 559 (Fla. 1984) (evidence admitted pursuant to this statute is not hearsay and may be admitted into evidence not only for impeachment purposes, but also as substantive evidence on material issues of fact). Once the child recanted her testimony, the state had the right to impeach her.
The harmless error analysis applies to this case. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). Dennis confessed to a police officer that he rubbed his penis against the victim's vaginal area. This confession was admitted as evidence. At the trial, Dennis took the stand to testify in his own behalf and tried to explain why he confessed. He told the jury that he confessed so he could receive the death penalty. He also admitted that he had contracted gonorrhea in the past. This admission was very important because the victim contracted gonorrhea during the same time that Dennis was her babysitter. There was corroborating evidence to convict Dennis without the videotape used as impeachment.
A review of the record demonstrates that Dennis has not shown that the trial court abused its discretion in admitting the videotaped deposition. See Hansen v. State, 585 So.2d 1056 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla. 1991).
AFFIRMED.
HARRIS, C.J., and PETERSON, J., concur.
NOTES
[1] § 794.011(2), Fla. Stat. (1991).
[2] § 794.011(2), Fla. Stat. (1991).