BARFIELD, Judge.
Willie Green, Jr. appeals his convictions, after jury trial, of lewd, lascivious or indecent assault upon a child, in violation of section 800.04, Florida Statutes, and sexual battery by slight force, in violation of 794.011(5), Florida Statutes. We reverse.
The record shows that the 14-year-old victim was mildly to moderately mentally retarded, functioning at a developmental level below the age of 11. According to the evidence, the victim reported to her sister and to her sister-in-law that Willie Green, her mother’s boyfriend, had committed sexual offenses against her. After the sisters reported her statements to the Department of Health and Rehabilitative Services (HRS), a Child Protection Team worker conducted a videotaped interview with the vietim. During the interview, the victim described certain sexual acts committed upon her by Willie Green. The victim was also examined by a Child Protection Team pediatrician who found that the size of her vaginal opening was consistent with some form of vaginal penetration.
In a deposition taken by defense counsel after Green’s arrest, the victim again implicated Green with statements about specific sexual offenses he had committed upon her. However, at trial, she recanted her earlier accusations against Green and stated instead that he had not committed those offenses against her and that she had never told anyone that he had. Thereupon, over defense counsel’s objection, pursuant to section 90.801(2)(a), the trial court allowed the state to read to the jury the victim’s deposition testimony. Also, after making extensive findings of reliability, pursuant to section *790 90.803(23)(a), the trial judge allowed the state to elicit from the sister and sister-in-law the accusations the victim had related to them concerning Willie Green and he allowed into evidence the videotaped interview.
The primary issues on appeal which we find necessary to address are whether the deposition testimony was admissible as substantive evidence, and if so, was the evidence in this ease sufficient to sustain appellant’s conviction.
We find that the deposition was admissible as substantive evidence. Section 90.801(2)(a), Florida Statutes, provides that a statement is not hearsay if the declarant testifies at trial and is subject to cross-examination, and the statement is inconsistent with her testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition. Clearly, the challenged deposition meets those requirements and was admissible evidence under that statute. In Moore v. State, 452 So.2d 559 (Fla.1984), the court declared:
We therefore hold that under section 90.801(2)(a), Florida Statutes (1981), the prior inconsistent statement of a witness at a criminal trial, if given under oath before a grand jury, is excluded from the definition of hearsay and may be admitted into evidence not only for impeachment purposes but also as substantive evidence on material issues of fact. We believe that the constitutional right of the accused to confront the witnesses against him requires that the declarant testify at the trial or hearing at which the state seeks to introduce the prior statement as substantive evidence. Section 90.801(2)(a) safeguards this right by requiring that the declarant appear as a witness and be available for cross-examination. (Emphasis supplied.)[1]
In considering the question of the sufficiency of the evidence, we recognize that the supreme court has qualified its determi *791 nation that statements admissible pursuant to 90.801(2)(a) may be considered as substantive evidence by later ruling that a prior inconsistent statement, even one admissible pursuant to the above statute, does not constitute sufficient evidence to sustain a conviction when the prior inconsistent statement is the only substantive evidence of guilt. See State v. Moore, 485 So.2d 1279 (Fla.1986). In the instant case, the deposition testimony of the victim did constitute the sole substantive evidence not only of “guilt” but that a crime had been committed. Other admissible, corroborating hearsay evidence of guilt included the trial testimony of the sister and sister-in-law, as well as the videotaped statements of the victim, all of which we find were admissible and properly admitted in this case in accordance with section 90.803(23)(a), Florida Statutes. Nevertheless, the sole evidence appellant committed a crime was a single out-of-court statement of the victim said on three separate occasions. We have not disregarded the pediatrician’s testimony. However, the size of the vaginal opening being consistent with some form of vaginal penetration does not equate to proof of a crime.
We note that in Moore, supra at 1281, the court stated:
We agree that the risk of convicting an innocent accused is simply too great when the conviction is based entirely on prior inconsistent statements.
Recognizing the impact in cases of this type of our ruling in this case, we certify the following question to be one of great public importance:
WHEN AN ALLEGED VICTIM OF CHILD SEXUAL ABUSE RECANTS AT TRIAL, DOES HER PRIOR INCONSISTENT STATEMENT, ADMISSIBLE PURSUANT TO SECTION 90.801(2)(a), FLORIDA STATUTES, CONSTITUTE SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION WHEN THE ONLY OTHER EVIDENCE OF THE DEFENDANT’S GUILT IS OTHER PRIOR INCONSISTENT STATEMENTS MADE BY THE VICTIM, WHICH HAVE BEEN FOUND TO BE RELIABLE AND ARE ADMISSIBLE PURSUANT TO SECTION 90.803(23)(a), FLORIDA STATUTES?
We have considered the remaining issues raised by appellant and find them to be without merit.
REVERSED.
ERVIN, J., concurs and dissents, with written opinion.
MINER, J., concurs in part, and dissents in part, with written opinion.

. Note the commentary to section 90.801(2)(a), Florida Statutes, which states:
Paragraph (a) This paragraph excludes from the definition of hearsay certain out-of-court statements by a witness who testifies at the trial or hearing and is subject to cross-examination. Since the declarant is in court and may be cross-examined in regard to the statement, the dangers inherent in hearsay testimony are minimized. See 5 Wigmore, Evidence 1361-1362 (3rd ed. 194). The prior statement may be used as substantive evidence. It is unrealistic to believe that a jury properly discriminates when told to accept certain evidence as bearing only on the credibility of the witness. The prior statement may be more reliable than the present testimony.
As Dean Ladd stated in Ladd, Some Highlights of the New Federal Rules of Evidence, 1 Fla.St.U.L.Rev. 191, 200 (1973):
The ... rule is sound in reason and is practical and realistic. The witness who perceived the events in issue is present in court and has given testimony of those events under oath. If he admits making the inconsistent statement, he has the opportunity to explain it. If his explanation is not acceptable to the triers of fact, they may use what he admitted to be a prior inconsistent statement to discredit his testimony. If the triers of fact believed the witness spoke the truth in the prior statement that he admitted making, it is not reasonable to expect the triers to limit its use to credibility in their decision-making process regardless of a court’s in-strucfion that it may be used to discredit but not to prove. The mental gymnastics required to articulate and segregate the use of prior statements for impeachment purposes only makes the limitation rule a formalistic fiction in disregard of realism.
See also the commentary on the 1978 amendment to 90.801(2)(a), which relates:
Subsection (2) (a) This subsection was amended to exclude from the definition of hearsay statements made by a witness who testifies and is subject to cross-examination when the statements are inconsistent with the testimony of the witness and were given under oath subject to the penalty of perjury at a trial, hearing or other proceeding, or in a deposition. This amendment adopted the view of Fed.Rule Evid. 801(d)(1)(a) and restricted the prior inconsistent statements of a witness which are admissible as substantive evidence to those made under oath. There is no requirement that the party against whom the statements are offered had an opportunity to cross-examine at the time that the prior statements were made. In criminal cases, confrontation problems may arise when this evidence is offered against the defendant. Compare California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489, on remand 3 Cal.3d 981, 479 P.2d 998, 92 Cal.Rptr. 494 (1970) with State v. Basiliere, 353 So.2d 820 (Fla.1977). [In the instant case, the defense attorney conducted the deposition and thus had ample opportunity to confront the witness at the deposition as well as at trial.]