667 So.2d 756 (1995)
STATE of Florida, Petitioner,
v.
Willie GREEN, Jr., Respondent.
No. 85113.
Supreme Court of Florida.
December 21, 1995.
*757 Robert A. Butterworth, Attorney General; James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Stephen R. White, Assistant Attorney General, Tallahassee, for petitioner.
Nancy A. Daniels, Public Defender and Carol Ann Turner, Assistant Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
OVERTON, Justice.
We have for review Green v. State, 667 So.2d 789 (Fla. 1st DCA 1995), in which the district court reversed Green's conviction and certified the following question as one of great public importance:
WHEN AN ALLEGED VICTIM OF CHILD SEXUAL ABUSE RECANTS AT TRIAL, DOES HER PRIOR INCONSISTENT STATEMENT, ADMISSIBLE PURSUANT TO SECTION 90.801(2)(a), FLORIDA STATUTES, CONSTITUTE SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION WHEN THE ONLY OTHER EVIDENCE OF THE DEFENDANT'S GUILT IS OTHER PRIOR INCONSISTENT STATEMENTS MADE BY THE VICTIM, WHICH HAVE BEEN FOUND TO BE RELIABLE AND ARE ADMISSIBLE PURSUANT TO SECTION 90.803(23)(a), FLORIDA STATUTES?
Id. at 791. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We reword the question as follows:
WHEN AN ALLEGED VICTIM OF CHILD SEXUAL ABUSE RECANTS AT TRIAL, IS THE VICTIM'S PRIOR INCONSISTENT STATEMENT ADMISSIBLE UNDER SECTION 90.801(2)(a), WHEN THE STATEMENT WAS TAKEN AS PART OF A DISCOVERY DEPOSITION PURSUANT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.220?
IS THE PRIOR INCONSISTENT STATEMENT OF AN ALLEGED VICTIM OF CHILD SEXUAL ABUSE, EVEN IF SAID ON MULTIPLE OCCASIONS, SUFFICIENT, IN AND OF ITSELF, TO SUSTAIN A CONVICTION?
We answer both questions in the negative, and, for the reasons expressed, quash in part and approve in part the district court's opinion.

FACTS
The defendant in this case, Willie Green, Jr., was convicted in the circuit court of lewd, lascivious, or indecent assault on a child and sexual battery by slight force. The facts on which those convictions were based were set forth by the district court as follows.
The record shows that the 14-year-old victim was mildly to moderately mentally retarded, functioning at a developmental level below the age of 11. According to the evidence, the victim reported to her sister and to her sister-in-law that Willie Green, her mother's boyfriend, had committed sexual offenses against her. After the sisters reported her statements to the Department of Health and Rehabilitative Services (HRS), a Child Protection Team worker conducted a videotaped interview with the victim. During the interview, the victim described certain sexual acts committed upon her by Willie Green. The victim was also examined by a Child Protection Team pediatrician who found that the size of her vaginal opening was consistent with some form of vaginal penetration.
In a deposition taken by defense counsel after Green's arrest, the victim again implicated Green with statements about specific sexual offenses he had committed upon her. However, at trial, she recanted her earlier accusations against Green and stated instead that he had not committed those offenses against her and that she had never told anyone that he had. [At trial, she identified another man as the person who forced her to have sex.] Thereupon, over defense counsel's objection, pursuant to section 90.801(2)(a), the trial court allowed the state to read to the jury the victim's deposition testimony. Also, after making extensive findings of reliability, pursuant to section 90.803(23)(a), the trial judge allowed the state to elicit from the sister and sister-in-law the accusations the victim had related to them concerning Willie Green and he *758 allowed into evidence the videotaped interview.
Id. at 789. In addition to the facts set forth by the district court, the record reflects that the fourteen-year-old victim had a mental age of about seven years, that she had an IQ of 50, and that, before accusing Green, she had accused another man of "messing with" her.
A divided First District Court of Appeal reversed the conviction. The district court first found that the deposition was admissible as substantive evidence pursuant to section 90.801(2)(a) (statement is not hearsay if the declarant testifies at trial and is subject to cross-examination, and the statement is inconsistent with the testimony and was given under oath subject to the penalty of perjury in a deposition or other official proceeding). The district court then determined, however, that the evidence was insufficient to convict Green because the only evidence that Green had committed a crime was the single out-of-court statement of the victim, which she repeated on several occasions. The district court acknowledged that the pediatrician testified that the size of the vaginal opening was consistent with some form of vaginal penetration, but it found that such evidence did not amount to proof of a crime. In making its ruling, the district court certified the aforementioned question as being one of great public importance.
Judge Ervin concurred in part and dissented in part. He agreed that the evidence was insufficient to sustain the conviction, but he dissented to that portion of the opinion finding that the deposition testimony was admissible. Judge Ervin reasoned that the deposition testimony was inadmissible because it was taken for purposes of discovery pursuant to Florida Rule of Criminal Procedure 3.220 rather than for use at trial pursuant to rule 3.190. He noted that rule 3.220 provides that testimony from depositions taken under that rule may be used for the purpose of contradicting or impeaching the testimony of a deponent as a witness. Because the rule does not provide for the use of such testimony as substantive evidence, as does rule 3.190, he determined that deposition testimony taken pursuant to rule 3.220 is inadmissible as substantive evidence.
Judge Miner also concurred in part and dissented in part. He agreed that the deposition testimony was admissible, but concluded that the evidence was sufficient to sustain the conviction.

ADMISSIBILITY OF DISCOVERY DEPOSITION AS SUBSTANTIVE EVIDENCE
We first address the admissibility of discovery depositions as substantive evidence. As indicated above, the victim's deposition testimony was admitted under section 90.801(2)(a), Florida Statutes (1989), which reads in part as follows:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with [the declarant's] testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding or in a deposition.

(Emphasis added.) In determining that the victim's deposition testimony was admissible under this section as substantive evidence, the district court relied on this Court's decision in Moore v. State, 452 So.2d 559 (Fla. 1984) (Moore I). In Moore I, this Court concluded that prior inconsistent statements given in grand jury proceedings could be properly admitted under section 90.801(2)(a) as substantive evidence. Additionally, we specifically ruled that the words "other proceeding" within the meaning of section 90.801(2)(a) included a grand jury proceeding. We did not, however, address the issue before us here; that is, whether the term "deposition" as used in section 90.801(2)(a) includes depositions taken for purposes of discovery under rule 3.220.
At the outset, it is important to note that, before Florida's adoption of the evidence code, prior inconsistent statements could never be admitted as substantive evidence. State v. Delgado-Santos, 497 So.2d 1199 (Fla. 1986). Consequently, the 1978 adoption of the evidence code allowed, for the first time, *759 the use of prior inconsistent statements as substantive evidence under the conditions set forth in section 90.801(2)(a). Delgado-Santos v. State, 471 So.2d 74 (Fla. 3d DCA 1985), approved, 497 So.2d 1199 (Fla.1986). As we indicated in Moore I, "section 90.801(2)(a) was inspired in part by Federal Rule of Evidence 801(d)(1), which requires the statement to have been given under oath, subject to the penalty of perjury, at a trial, hearing, or deposition." 452 So.2d at 561-62. See also Webb v. State, 426 So.2d 1033 (Fla. 5th DCA), review denied, 440 So.2d 354 (Fla. 1983). Because section 90.801(2)(a) was patterned after the federal provision and because the federal provision had been interpreted to include grand jury proceedings, we concluded that prior inconsistent statements made to a grand jury came within the confines of section 90.801(2)(a). We recognize, however, that we cannot use similar federal interpretations in our analysis here because the rules governing Florida's criminal discovery process are much broader than those governing the federal discovery process and Florida's rules expressly allow for the use of discovery depositions.
Florida's rules of criminal procedure provide for two types of depositions in criminal cases: (1) depositions to perpetuate testimony as set forth in rule 3.190(j); and (2) depositions for purposes of pre-trial discovery as set forth in rule 3.220(h).[1] These two types of depositions are very distinct. Depositions taken pursuant to rule 3.190 are specifically taken for the purpose of introducing those depositions at trial as substantive evidence. Depositions taken pursuant to rule 3.220, on the other hand, are for discovery purposes only and, for a number of reasons, assist in shortening the length of trials. How a lawyer prepares for and asks questions of a deposition witness whose testimony may be admissible at trial as substantive evidence under rule 3.190 is entirely different from how a lawyer prepares for and asks questions of a witness being deposed for discovery purposes under rule 3.220. In effect, the knowledge that a deposition witness's testimony can be used substantively at trial may have a chilling effect on a lawyer's questioning of such a witness.
We have previously concluded that "discovery depositions may not be used as substantive evidence in a criminal trial." State v. James, 402 So.2d 1169, 1171 (Fla.1981). We reached that holding based on the fact that rule 3.220 "plainly states that discovery depositions `may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness,'" id. (quoting rule 3.220), and does not provide for the use of such depositions as substantive evidence. See also Rodriguez v. State, 609 So.2d 493 (Fla.1992) (only depositions taken pursuant to rule 3.190(j) may be used as substantive evidence because rule 3.220 makes no provision for the use of discovery depositions as substantive evidence), cert. denied, ___ U.S. ___, 114 S.Ct. 99, 126 L.Ed.2d 66 (1993); Terrell v. State, 407 So.2d 1039 (Fla. 1st DCA 1981) (for a deposition to be used as substantive evidence, it must be taken in compliance with rule 3.190, not rule 3.220). Given our holding in James and the distinctions between depositions taken pursuant to rules 3.190 and 3.220, we must conclude that the term "deposition" in section 90.801(2)(a) does not include depositions taken pursuant to rule 3.220. To permit the use of rule 3.220 depositions as substantive evidence would discourage and chill the use of discovery depositions and would limit the criminal pre-trial discovery process. As noted by Judge Ervin, courts construing the term "deposition" in section 90.804(2)(a)[2] have reached similar conclusions. See, e.g., Rodriguez; Smith v. State, 606 So.2d 641 *760 (Fla. 1st DCA 1992) (substantive use of a deposition taken solely for the purpose of discovery is improper under section 90.804(2)(a)); Clark v. State, 572 So.2d 929 (Fla. 5th DCA 1990) (only depositions taken to perpetuate testimony under rule 3.190(j) are admissible as substantive evidence under section 90.804(2)(a)), quashed in part on different grounds, 614 So.2d 453 (Fla.1993); Jackson v. State, 453 So.2d 456 (Fla. 4th DCA 1984) (deposition taken under 3.220 and not 3.190 not admissible under 90.804(2)(a)).
We recognize that two lower courts have issued decisions that could be construed to the contrary. See Dennis v. State, 649 So.2d 263 (Fla. 5th DCA 1994) (videotaped deposition of child was properly admitted as substantive evidence under section 90.801(2)(a) after child appeared at trial and recanted prior statements), dismissed, 666 So.2d 142 (Fla.1995); Holmon v. State, 603 So.2d 111 (Fla. 4th DCA 1992) (prior deposition testimony was admissible both as impeachment and as substantive evidence under section 90.801(2)(a)). Neither of those cases, however, discussed whether the depositions were taken for pre-trial discovery purposes under rule 3.220 or to perpetuate testimony under rule 3.190. Nevertheless, to ensure that no confusion exists as to the issue before us today, we answer the first question in the negative and specifically hold that the term "deposition" as used in section 90.801(2)(a) does not include discovery depositions taken pursuant to rule 3.220. We additionally disapprove both Dennis and Holmon to the extent they could be construed to hold that depositions taken pursuant to rule 3.220 are admissible as substantive evidence under section 90.801(2)(a). To hold otherwise would require us to disapprove numerous other decisions of this Court and the district courts of appeal stating that discovery depositions cannot be used as substantive evidence.

INCONSISTENT STATEMENTS AS THE ONLY EVIDENCE FOR CONVICTION
We now turn to the second issue of whether the prior inconsistent statement of an alleged victim of child sexual abuse, even if said on multiple occasions, is sufficient, in and of itself, to sustain a conviction. We reach this question because, even though we find that the victim's deposition testimony was inadmissible, the victim made other prior inconsistent statements in this case that could be admitted at the trial under section 90.803(23), Florida Statutes (1989), the hearsay exception for statements made by child-abuse victims. Our decision in State v. Moore, 485 So.2d 1279 (Fla.1986) (Moore II), is dispositive and requires a finding that this evidence, standing alone, is insufficient to convict Green.
In Moore II, we held that, in a criminal prosecution, a prior inconsistent statement standing alone is insufficient as a matter of law to prove guilt beyond a reasonable doubt. We reiterate that conclusion today, finding that our holding in Moore II applies regardless of whether the prior inconsistent statement is admitted under section 90.801(2)(a) or section 90.803(23). As the Second District Court of Appeal concluded in Jaggers v. State, 536 So.2d 321, 325 (Fla. 2d DCA 1988):
[W]e do not find the intent of section 90.803(23) is to allow the state to breathe substantive reliability into ... prior inconsistent statements when they are otherwise admissible only to impeach those prosecuting victim witnesses whose testimony is introduced by the state at trial.... The rule that prior inconsistent statements may not be used substantively as the sole evidence to convict (see Moore), applies to Section 90.803(23) evidence as well. Once the state introduced the exculpatory testimony, the inculpatory prior unsworn statements became prior inconsistent statements and should not have been allowed into evidence ... as substantive evidence. To allow the state to use as its sole evidence of the commission of the crime charged such prior unsworn, out of court statements which were not subject to cross-examination by the defendant ... violated the appellant's sixth amendment right to confrontation and cross-examination. See Moore, 485 So.2d at 1282 (Overton, J., concurring specially); Everett v. State, 530 So.2d 413 (Fla. 4th DCA 1988).
Cf. Santiago v. State, 652 So.2d 485 (Fla. 5th DCA 1995) (where the only evidence offered *761 by the state to substantiate the charge of attempted murder is the prior inconsistent statement of its own witness, the evidence is insufficient to support a conviction). In reaching our decision in Moore II, we stated that "the risk of convicting an innocent accused is simply too great when the conviction is based entirely on prior inconsistent statements." 485 So.2d at 1281. The importance of that conclusion is perhaps best illustrated by the facts of this case where the mentally retarded victim, who has a mental age of seven, charged at least two individuals with sexual abuse and then recanted the abuse charges against one of those individuals, the defendant in this case. To convict Green based solely on the prior inconsistent statements of the victim would indeed create too great a risk of "convicting an innocent accused," especially when we consider the immense potential for manipulation of a retarded child. This does not mean that inconsistent statements admitted under section 90.803(23) can never be used as substantive evidence when other proper corroborating evidence is admitted. The examining physician's testimony in this case is simply not adequate to supply that corroboration. Given our holding in Moore that the risk of convicting an innocent accused is simply too great under these circumstances, we answer the second reworded question in the negative.
Accordingly, we answer both of the reworded questions in the negative; we disapprove that part of the district court's opinion finding that the rule 3.220 deposition testimony was admissible as substantive evidence under section 90.801(2)(a); and we approve that part of the district court's opinion holding that the prior inconsistent statements of the victim were insufficient to sustain the conviction in this case. Consequently, the decision of the district court of appeal is approved.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Rule 3.220(h) was previously numbered as rule 3.220(d).
[2] Section 90.804(2)(a), Florida Statutes (1993), provides:

(2) Hearsay Exceptions. The following are not excluded under s. 90.802, provided that the declarant is unavailable as a witness:
(a) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.