ALTENBERND, Judge.
J.F. appeals his delinquency adjudication for armed robbery and minor in possession of a firearm. We affirm the adjudication based on his possession of a firearm. We strike the finding in the adjudication that J.F. committed armed robbery.
J.F. and his sister were passengers in the back seat of a car on October 24,1995. It is undisputed that the driver stopped the car, and another juvenile, C.J., who was a passenger in the front seat, exited the car and robbed a man at gunpoint. The gun C.J. used in the robbery belonged to J.F. At trial, C.J. testified that he and the driver had decided to commit the robbery on the spur of the moment, and that the back seat passengers had not been involved in the robbery. Prior to trial, C.J. told a delinquency case manager that J.F. was involved in planning the robbery. The state convinced the trial court that this prior inconsistent statement was admissible under section 90.804, Florida Statutes (1995), as a statement against interest by an unavailable witness.
We doubt that the statement was properly admitted as substantive evidence under section 90.804. It could, however, have been admitted as impeachment evidence under section 90.614. Without regard to the basis for its admission, the prior inconsistent statement was the only evidence implicating J.F. in the robbery, and the only evidence on which the trial court relied in finding J.F. committed armed robbery. It is well estab- *1317 listed that such a prior inconsistent statement is insufficient by itself to support a conviction or an adjudication of delinquency. State v. Moore, 485 So.2d 1279 (Fla.1986); State v. Green, 667 So.2d 756 (Fla.1995). Accordingly, we strike the finding that J.F. committed armed robbery.
Because our decision may affect the trial court’s disposition on the one remaining basis for the adjudication, we remand for a new disposition hearing.
Affirmed as modified, and remanded for new disposition hearing.
CAMPBELL, A.C.J., and FRANK J., concur.