PER CURIAM.
Dante Beckford appeals his conviction for aggravated assault with a deadly weapon.[1] We agree with his contention that the State failed to prove that he possessed a firearm at the time of this offense. Because the State presented no evidence that he used any other deadly weapon during this criminal episode, we reverse the conviction and the resulting three-year minimum mandatory sentence. On remand, the trial court shall enter a judgment and sentence for the necessarily lesser offense of assault. See § 924.34, Fla. Stat. (1995).
At the appellant’s jury trial, the victim testified that on the night in question, she awoke to find the appellant, her ex-boyfriend, in her bedroom. She testified that the appellant stated he was there to kill her and himself. According to the victim’s trial testimony, the appellant did not have a gun with him at the time. She testified that she took a gun from under her bed and handed it to the appellant but after a few minutes of talking, the appellant returned the gun to her and left the house. The victim concluded that she was not afraid of the appellant nor fearful of his actions.
The victim’s trial testimony contradicted her earlier written statement. In her written statement, she stated that when she awoke the appellant was standing over her bed holding a gun, which was pointed at her. She further stated that she was in fear of her life and believed that she was going to die.
St. Petersburg Police Officer Kirby Fen-ton testified that when he arrived at the victim’s residence, she appeared to be shaking, crying, and nervous. He testified regarding the substance of the victim’s prior inconsistent statements, pursuant to a hearsay exception.
*285 At the conclusion of the testimony, the appellant moved for a motion for judgment of acquittal stating that the State had failed to prove an element of the crime charged; namely, that the appellant possessed a deadly weapon. The trial court denied the appellant’s motion. However, the trial court instructed the jury that the victim’s prior inconsistent statements were to be used solely for impeachment purposes, reiterating its earlier statement made during both pretrial motions and the trial. The written jury instructions reflected the trial court’s oral pronouncement as well.
The jury found the appellant guilty of aggravated assault with a firearm. The trial court adjudicated the appellant guilty of the charge and sentenced him to three years’ imprisonment. The appellant filed a timely notice of appeal.
Section 784.021(l)(a), Florida Statutes (1995), states that an aggravated assault is an assault committed with a deadly weapon without an intent to kill. The only testimony presented that the appellant possessed a deadly weapon was the prior inconsistent statement of the victim.
In a criminal prosecution, a prior inconsistent statement standing alone is insufficient to prove guilt beyond a reasonable doubt. See State v. Green, 667 So.2d 756 (Fla.1995); State v. Moore, 485 So.2d 1279 (Fla.1986). Although Officer Fenton testified that the victim told him that the appellant possessed a gun, Officer Fenton’s testimony was admitted based on the excited utterance exception to the hearsay rule. See § 90.803(2), Fla. Stat. (1995). As this court has previously held, a statement admitted pursuant to a hearsay exception is not to be used to “breathe substantive reliability into such prior inconsistent statements when they are otherwise admissible only to impeach those prosecuting victim witnesses whose testimony is introduced by the state at trial.” Joggers v. State, 536 So.2d 321, 325 (Fla. 2d DCA 1988).
Since the trial court specifically held that the victim’s prior inconsistent statements could only be used to impeach her in court testimony, Officer Fenton’s testimony regarding those same inconsistent statements cannot be used to support a conviction. Without the reliance on the prior inconsistent statements, no evidence was presented that the appellant possessed a deadly weapon at the time of the incident in question. Officer Fenton’s observation of the victim’s condition, itself not hearsay and without the reach of the holding of Jaggers, coupled with her trial testimony about Beckford’s stated intention to kill her, constitute sufficient evidence to sustain a conviction for simple assault.
Reversed and remanded for entry of a judgment of conviction for assault and for resentencing.
ALTENBERND, A.C.J., and BLUE and GREEN, JJ., concur.

. See § 784.021, Fla. Slat. (1995).