PER CURIAM.
Appellant challenges his conviction and sentence for capital sexual battery. We affirm.
At trial, the only evidence to support the charge came from the child-victim — both from her testimony and her out-of-court statements admitted pursuant to section 90.803(23), Florida Statutes (1999).[1] At all times, the child remained remarkably consistent in describing her encounter with Appellant, even if she was sometimes inconsistent with the exact details. While she may have been somewhat ambiguous at trial on the essential element of penile-vaginal union, she did testify that Appellant touched her vagina with his penis. She also used dolls to demonstrate what happened, and, without objection, the trial court allowed the record to reflect that the male genital area of one doll was touched to the female genital area of the other doll. Finally, in her interview with the Child Protection Team investigator, she clearly described penile-vaginal union.
Appellant asserts that this case is controlled by State v. Green, 667 So.2d 756 (Fla.1995), and that Green stands for the proposition that inconsistent statements alone are insufficient to sustain a conviction as a matter of law.[2] However, in Green, the court found “that the reliability of the child’s statement identifying Green had been so diminished by the child’s other testimony that we could not have sufficient confidence in the criminal conviction to allow it to stand.” Department of Health and Rehabilitative Services v. M.B., 701 So.2d 1155, 1162 (Fla.1997). Thus, our standard of review is not whether the child’s testimony and out-of-court statements contain any inconsistencies but whether they were “so ambiguous, so unreliable or so incredible that no reasonable juror could find [Ajppellant guilty beyond *1138 a reasonable doubt.” Gay v. State, 607 So.2d 464, 459 (Fla. 1st DCA 1992).
The facts in this case are clearly distinguishable from Green. In that case, the child unequivocally accused the defendant in her out-of-court statements and then unequivocally recanted that accusation at trial and also accused an entirely different person. In this case, the child has never wavered in her accusations against Appellant; she just has been somewhat inconsistent in describing the exact details. However, she did provide testimony and statements that were “sufficient to submit the union element of capital sexual battery to the jury and make the denial of [Appellant's [motion for] judgment of acquittal proper.” Gay, 607 So.2d at 459.
Accordingly, because there was legally sufficient evidence presented from which the jury could draw a reasonable inference of guilt, we affirm.
AFFIRMED.
MINER, WOLF and VAN NORTWICK, JJ., CONCUR.

. We find no merit to Appellant’s claim that the trial court improperly admitted the child's statements.

. See also Holmon v. State, 603 So.2d 111 (Fla. 4th DCA 1992), disapproved on other grounds by, State v. Green, 667 So.2d 756 (Fla.1995); Coleman v. State, 592 So.2d 300 (Fla. 2d DCA 1991).