982 So.2d 1281 (2008)
Demarcus COLLIER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-6385.
District Court of Appeal of Florida, First District.
June 10, 2008.
James C. Banks of Banks & Morris, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We grant the State's Motion for Clarification, withdraw our previous opinion in Collier v. State, 33 Fla. L. Weekly D1103 (Fla. 1st DCA Apr. 23, 2008), and substitute the following modified opinion as the opinion of the court. As in Baugh v. State, the present case "involves the admission of pretrial statements as substantive evidence under the child victim hearsay exception in section 90.803(23), Florida Statutes (2001), after the child recanted the pretrial statements during her in-trial testimony." 961 So.2d 198, 202 (Fla.2007). Baugh, decided by our supreme court after the trial in the present case, controls the outcome here.
Before Baugh, the supreme court established that a prior inconsistent statement of a child victim, standing alone, would be insufficient as a matter of law to prove guilt beyond a reasonable doubt. See Beber v. State, 887 So.2d 1248 (Fla.2004); State v. Green, 667 So.2d 756 (Fla.1995). Prior statements, subsequently recanted at trial, may, however, sustain a conviction in the presence of "other proper corroborating evidence." Green, 667 So.2d at 761. The Baugh court looked to Black's Law Dictionary for a workable definition of "corroborating evidence": "Corroborating evidence is defined as `[e]vidence that differs from but strengthens or confirms what other evidence shows,' especially *1282 `that which needs support.'" Baugh, 961 So.2d at 204 (quoting Black's Law Dictionary 596 (8th ed. 2004)).
The trial court here never apparently considered corroborating evidence, believing that the prior inconsistent statement would be sufficient substantive evidence of guilt. In its brief, the State argues that the corroborating evidence here is nonetheless stronger than the evidence rejected in Baugh. We cannot agree with the State's assertion. The scanty evidence in the present case is, if anything, less substantial than that rejected by the court in Baugh. Accordingly, the trial court should have granted appellant's motion for judgment of acquittal.
We REVERSE appellant's conviction.
KAHN, and VAN NORTWICK, JJ., concur; WOLF, J., concurs with opinion.
WOLF, J., Concurring.
I concur only because I'm required to by Baugh v. State, 961 So.2d 198 (Fla.2007).