# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2021-3118
_____

WILLIAM FRANKLIN SCOTT JR,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Alachua County.
William E. Davis, Judge.

March 6, 2024


PER CURIAM.

William Franklin Scott, Jr., appeals his convictions for two counts of sexual battery on a person under twelve years by person eighteen years or older and three counts of lewd or lascivious molestation on a person under twelve years by a person eighteen years or older. He argues that (1) the trial court erred in denying his motion for judgment of acquittal on four of the five counts because the only evidence offered in support of these charges was child hearsay and (2) the prosecutor made improper statements during rebuttal closing argument warranting reversal. We affirm the second issue without further comment. We affirm the first issue for the reasons set forth below.

# I

In each of the counts listed on the information, the State alleged separate acts as the basis of the charge. In the first count, the State alleged Scott digitally penetrated the victim's vagina. Count II claimed Scott placed his mouth on the victim's vagina. In Count III, the State claimed Scott intentionally touched the victim's buttocks in a lewd or lascivious manner. And in Count V, it was alleged Scott touched the victim's vagina with an object.

The victim was eight years old at the time of trial. She testified that she was in the first grade and five or six years old when the incident occurred. She described that Scott, who was her mother's live-in boyfriend, touched her vagina with his hands, and that she later told her mother what had happened. The State asked the victim whether Scott ever put his mouth on her vagina, and the victim answered in the affirmative. The victim could not recall at trial whether Scott's hands ever penetrated her, whether it hurt when he touched her, or whether he touched her with anything other than his hands.

A recording of the victim's forensic interview was admitted as evidence and published to the jury. During the interview, the victim claimed that Scott rubbed her buttocks and vagina, and when he rubbed her vagina, it would hurt. She stated that when it hurt, she told Scott to rub her on the outside because it did not hurt there. The victim explained that Scott had used a pink toy that vibrates and called the toy a "grownup toy." The victim alleged that Scott had her rub his penis with her hand and that he told her he would give her a dollar if she was able to make white stuff come out. She further claimed that Scott had put his mouth on her vagina.

The nurse practitioner that conducted the victim's physical examination testified that the victim made similar claims during the examination. Additionally, Scott's residence was searched pursuant to a search warrant, and during the search, a pink sex toy was found.

2

At the conclusion of Scott's trial, he was convicted as charged. He was sentenced to consecutive life sentences on each count and designated a sexual predator.

## II

On appeal, Scott argues the trial court erred in denying his motion for judgment of acquittal because there was no corroborating evidence to support the child's hearsay evidence and that child hearsay alone is insufficient to support his conviction. A trial court's ruling on a motion for judgment of acquittal is reviewed *de novo*, "with the evidence and all reasonable inferences from the evidence being viewed in the light most favorable to the State." *Kish v. State*, 145 So. 3d 225, 227 (Fla. 1st DCA 2014). "A trial court should not grant a motion for judgment of acquittal 'unless there is no view of the evidence which the jury might take favorable to the opposite party that can be sustained under the law.'" *Jackson v. State*, 25 So. 3d 518, 531 (Fla. 2009) (quoting *Coday v. State*, 946 So. 2d 988, 996 (Fla. 2006)).

As an initial matter, we note that corroborating evidence exists to support most, if not all, of Scott's convictions. Regardless, we would affirm because Appellant's argument that child hearsay alone is not sufficient to support his conviction is misplaced.

Appellant relies on *Baugh v. State*, 961 So. 2d 198 (Fla. 2007), and *Beber v. State*, 887 So. 2d 1248 (Fla. 2004), both of which are distinguishable. This Court recently addressed similar issues and the applicability of those cases in *Godbolt v. State*, 319 So. 3d 773 (Fla. 1st DCA 2021). In *Godbolt*, the defendant appealed his convictions arising from claims of molestation, claiming fundamental error occurred when he was convicted of lewd or lascivious molestation based only on child hearsay statements. *Id.* at 774. During the CPT interview, which was played for the jury, the victim claimed the defendant had touched her buttocks with his penis while they were in the kitchen. *Id.* At trial, when the victim was asked whether the defendant ever used his private part to touch her, the victim stated that she could not remember. *Id.* at 775. But the victim testified that she recalled speaking with the CPT interviewer and that what she told the interviewer was true. *Id.*

Distinguishing the facts in *Godbolt* from those presented in *Baugh* and *Beber*, this Court noted that the victims in those cases presented inconsistent trial testimony. *Id.* at 775. In *Beber*, the victim testified that the conduct in question never occurred, and in *Baugh*, the victim testified that she had made up the allegations. *Id.* at 775–76. But in *Godbolt*, the victim testified that she did not remember the incident but did remember telling the interviewer about the incident. *Id.* at 776–77. This Court affirmed Godbolt's conviction stating, "Because the victim did not totally repudiate her pretrial statements—which the trial court determined carried the requisite safeguards of reliability for admission as substantive evidence—we cannot say that the evidence was insufficient to show that a crime was committed at all." *Id.* at 777.

The facts here are very similar to those presented in *Godbolt*. A video of the CPT interview was played for the jury where the victim made numerous allegations. At trial, she did not remember many of the claims made, but she did not testify that the claims did not occur or that she made them up. Rather, as was the case in *Godbolt*, she stated that she told the interviewer what happened and that she told her the truth. Additionally, the nurse practitioner testified that the victim relayed the same events to her when she performed her examination. Thus, under *Godbolt*, sufficient evidence was submitted to show Appellant committed the crimes charged.

Sufficient evidence exists to support Scott's convictions. Thus, the trial court did not abuse its discretion in denying Scott's motion for judgment of acquittal. We AFFIRM.

KELSEY and M.K. THOMAS, JJ., concur; TANENBAUM, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

4

TANENBAUM, J., concurring.

To be clear, the appellant does not challenge on appeal the admissibility of the videotaped interview of the child victim, which occurred under the hearsay exception found in Florida Rule of Evidence ("FRE") 90.803(23).[1] The appellant instead contends that the victim's otherwise admissible out-of-court statements about the appellant's egregious abuse—by themselves—were not

---

[1] This manner of citation is purposeful. The hearsay rule, like most evidentiary rules, is procedural. *See Glendening v. State*, 536 So. 2d 212, 215 (Fla. 1988); *cf. Haven Fed. Sav. & Loan Ass'n v. Kirian*, 579 So. 2d 730, 732 (Fla. 1991) (defining court procedure as encompassing "the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion" (citation omitted)). The supreme court has exclusive authority to adopt such a procedural rule. *See Markert v. Johnston*, 367 So. 2d 1003, 1005 n.8 (Fla. 1978); *see also Massey v. David*, 979 So. 2d 931, 936 (Fla. 2008) (noting that article V, section 2, subsection(a) of the Florida Constitution "provides [the supreme court] with the exclusive authority to 'adopt rules for the practice and procedure in all court'"); *State v. Raymond*, 906 So. 2d 1045, 1048 (Fla. 2005) (explaining that a "statute which purports to create or modify a procedural rule of court is constitutionally infirm"). Even the supreme court's adoption of a rule that "reflect[s] the prevailing public policy [enacted by the Legislature,] whether by design or by coincidence[,]" does not give the Legislature license to encroach on that exclusive authority. *Markert*, 367 So. 2d at 1005 n.8.; *see also Leapai v. Milton*, 595 So. 2d 12, 15 (Fla. 1992). The rules of evidence (with few exceptions), then, are not, functionally, a component of the Florida Statutes, which is the Legislature's compilation of its own enacted *substantive* law. There is no sense, then, in citing to the Florida Statutes to reference the rules of evidence. *Cf. In re Fla. Evidence Code*, 372 So. 2d 1369, 1369 (Fla. 1979) (adopting provisions of the Florida Evidence Code as rules of court "to the extent they are procedural); *In re Amend. to Fla. Evidence Code*, 404 So. 2d 743, 743 (Fla. 1981) (adopting amendments to Florida Evidence Code concerning court procedure "as part of the Rules of Evidence").

sufficient evidence to support the appellant's convictions. According to the appellant, the trial court should have granted his motion for judgment of acquittal.

The appellant's theory for reversal has at its foundation the mistaken premise that "child hearsay alone is insufficient to support a conviction." To support his argument, the appellant misuses the supreme court's decisions in *Moore*, *Green*, *Beber*, and *Baugh*.[2] Not one of those decisions stands for the proposition that, in a sex-abuse case like this one, child hearsay—otherwise admissible under the exception set out in FRE 90.803(23)—should be treated any differently than other substantive evidence that has been admitted. All but the *Moore* decision involved an admitted pretrial statement by a child that later was recanted, and all of them (including *Moore*) hold that those subsequently recanted statements cannot, alone, serve as sufficient evidence to support a criminal conviction. None of them hold what the appellant attempts to argue.[3]

To prevail on his claim of insufficiency of the evidence, the appellant must demonstrate that there was not "substantial

---

[2] The citations for these four decisions are as follows: *State v. Moore*, 485 So. 2d 1279 (Fla. 1986); *State v. Green*, 667 So. 2d 756 (Fla. 1995); *Beber v. State*, 887 So. 2d 1248 (Fla. 2004); *Baugh v. State*, 961 So. 2d 198 (Fla. 2007).

[3] *Godbolt* involved a fundamental-error analysis, but the decision still effectively makes this important distinction. *See Godbolt v. State*, 319 So. 3d 773, 777 (Fla. 1st DCA 2021) ("Because the victim did not totally repudiate her pretrial statements— which the trial court determined carried the requisite safeguards of reliability for admission as substantive evidence—we cannot say that the evidence was insufficient to show that a crime was committed at all."); *see also F.B. v. State*, 852 So. 2d 226, 230–31 (Fla. 2003) (explaining that "an argument that the evidence is totally insufficient as a matter of law to establish the commission of a crime need not be preserved" because "[s]uch complete failure of the evidence meets the requirements of fundamental error—i.e., an error that reaches to the foundation of the case and is equal to a denial of due process").

competent evidence to support the verdict and judgment." *Spinkellink v. State*, 313 So. 2d 666, 671 (Fla. 1975). Our assessment on this has both a quantitative component ("substantial") and a qualitative component ("competent"). When determining whether the evidence rises to the level of "substantial," our focus is on what amount of evidence can be legally acceptable to a juror. There must be more than a "scintilla" of evidence before a jury on a question of fact. *Schuylkill & Dauphin Imp. Co. v. Munson*, 81 U.S. 442, 448 (1871).

In turn, the question is not "whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Id.* It

> means that there must be evidence which supports a substantial basis of fact from which the fact in issue can be reasonabl[y] inferred. It must do more than create a suspicion of the fact to be established, and must be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.

*Laney v. Bd. of Pub. Instruction for Orange Cnty.*, 15 So. 2d 748, 753 (Fla. 1943).

When we look at the "competency" of the evidence, meanwhile, we consider the nature of the evidence itself. Simply put, "the evidence must accord with logic and reason" to be competent. *Andrews v. C.B.S. Div., Maule Indus.*, 118 So. 2d 206, 210 (Fla. 1960). For instance, when a witness testifies as to a fact based not on personal observation, but on his or her own inference from personal observation, the testimony is of questionable competence to prove the fact. *Cf. Pa. R. Co. v. Chamberlain*, 288 U.S. 333, 338 (1933) (explaining how a witness's testimony that a collision occurred could not put that fact in dispute when the fact was *not* "brought to [the witness's] attention as a perception of the physical sense of sight or of hearing," the witness made only "an inference to that effect drawn from observed facts which gave equal support to the opposite inference," and "all the witnesses who were in a position to see testified that there was no collision"). A witness's testimony in this situation—about his own conclusion "from what he himself observed"—can be said to "prove[] nothing" (*i.e.*, should

7

be deemed incompetent), "since it is not allowable for a witness to resolve the doubt as to which of two equally justifiable inferences shall be adopted." *Id.* at 340; *see also id.* at 341 (explaining further how testimony about a fact based only on "an inference or inferences" cannot controvert testimony, based on personal observation, that is "inconsistent with such inferences").

Another way to state the same principle is this: Evidence is not competent unless it has an indicia of reliability. *Cf. Hadden v. State*, 690 So. 2d 573, 578 (Fla. 1997) ("Moreover, we firmly hold to the principle that it is the function of the court to not permit cases to be resolved on the basis of evidence for which a predicate of reliability has not been established. Reliability is fundamental to issues involved in the admissibility of evidence."). There is nothing inherently incompetent about hearsay evidence, including such evidence admitted in a criminal trial. *Cf. Anderson v. State*, 655 So. 2d 1118, 1119–20 (Fla. 1995) ("declin[ing] to enunciate a blanket rule that no conviction can stand based solely on hearsay testimony"); *see generally Ohio v. Roberts*, 448 U.S. 56 (1980); *Idaho v. Wright*, 497 U.S. 805, 820 (1990); *State v. Jones*, 625 So. 2d 821, 826 (Fla. 1993); *Conner v. State*, 748 So. 2d 950, 957 (Fla. 1999); *but cf. Crawford v. Washington*, 541 U.S. 36 (2004) (explaining how admission of hearsay still could run afoul of the constitutional guarantee of confrontation); Fla. R. Evid. 90.802. Rather, hearsay can be competent evidence, provided there is a demonstration of its reliability "by reason of something other than the hearsay itself." *Hadden*, 690 So. 2d at 578.

According to the appellant, though, because the victim could not remember at trial some of the horrific details of the abuse she suffered—details necessary to support convictions on the more serious charges—the hearsay evidence of her prior statements about those details was not competent on its own to prove the abuse for which the evidence was submitted. But the victim's prior statements were admitted under FRE 90.803(23), *after* the trial court made the requisite determinations of reliability.[4] The

---

[4] That is, the victim's statements were hearsay but admitted under an exception to the rule excluding hearsay. *See* Fla. R. Evid. 90.802 (generally excluding hearsay, subject to specifically detailed exceptions); Fla. R. Evid. 90.803 (listing types of hearsay

appellant does not challenge that admissibility on appeal. The evidence of those prior statements stands on its own, then, as competent evidence, regardless of whether the victim could separately testify to them at trial. *Cf. Perez v. State*, 536 So. 2d 206, 210–11 (Fla. 1988) (rejecting "argument that the child must be found to be competent to testify [at trial] before the child's out-of-court statements may be" admissible as reliable hearsay, and noting that the requirement that the trial court find sufficient assurances of reliability itself "furnishes a sufficient guarantee of trustworthiness of the hearsay statement, obviating the necessity that the child understand the duty of a witness to tell the truth" at trial).

Getting back to the appellant's reliance on *Moore*, *Green*, *Beber*, and *Baugh*: The common point across these decisions is that an out-of-court statement—otherwise determined to be competent—*loses* its competence as *substantive* evidence if the declarant of the statement either later recants or, while on the witness stand, directly contradicts the statement; and there also is no other evidence to demonstrate its reliability. *See Moore*, 485 So. 2d at 1281–82 (holding that a recanted prior statement is not by itself capable of supporting a conviction); *Green*, 667 So. 2d at 761 (same, absent "corroborating evidence" to reduce the risk of a conviction based on unreliable evidence); *Beber*, 887 So. 2d at 1251–52 (holding that the victim's out-of-court statement could not support defendant's conviction for capital sexual battery where the victim directly contradicted that statement under oath at trial); *Baugh*, 961 So. 2d at 204 (holding that after the victim recanted her out-of-court statements regarding defendant's conduct, the

_____

that are excepted from the rule of inadmissibility). Had the statements been given under oath and the victim subject to cross-examination at trial about those statements, the statements would not have been hearsay and not inadmissible as such. *See* Fla. R. Evid. 90.801(2); *but cf. Green*, 667 So. 2d at 760 (holding that statements given in a discovery deposition in a criminal case are not admissible as *non-hearsay*, prior-inconsistent statements under FRE 90.801(2)(a)).

9

statements were "insufficient," standing alone and absent "corroborating evidence," to support the conviction).[5]

The victim did neither at trial: She neither recanted her prior out-of-court statements to child protection investigators— recounted at trial through admissible hearsay—nor contradicted those statements during her testimony. Those out-of-court statements were competent to support the appellant's sexual battery convictions, even if there was no other "corroborating" evidence introduced at trial. The statements also were clear and specific enough that they were "substantial" evidence, *i.e.*, the jury reasonably could accept the statements as enough to conclude the appellant committed the crimes for which he was convicted. Because the victim's out-of-court statements were "substantial competent evidence" that the appellant sexually battered her as charged, I concur in affirming the appellant's convictions, along with the corresponding sentences.

––––––––––––––––––––––––––

Jessica J. Yeary, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, for Appellee.

––––––––––––

[5] Indeed, as *Moore* demonstrates, this point applies even to out-of-court statements that are *not* hearsay. *See* 485 So. 2d at 1280–81 (addressing grand jury testimony, admissible under FRE 90.801(2)(a), that the witnesses subsequently recanted in deposition).