853 So.2d 576 (2003)
Rick BEBER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2729.
District Court of Appeal of Florida, Fifth District.
September 5, 2003.
*577 James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Beber appeals his convictions for two counts (Counts 1 and 4) of sexual battery (fellatio) of a minor,[1] two counts (Counts 2 and 5) of lewd or lascivious molestation (masturbating a minor),[2] one count (Count 3) of soliciting masturbation by a minor,[3] one count (Count 7) of lewd or lascivious exhibition (masturbation in the presence of a minor),[4] and one count (count 9) of providing obscene material to a minor (showing the minor an obscene magazine or photo).[5] Beber received life sentences for the sexual battery counts; 15 years in prison for one lewd and lascivious molestation count (lewd and lascivious exhibition) and the solicitation count; 30 years for the second lewd and lascivious molestation count; and 5 years for the providing obscene material count, all to be served consecutively. On appeal, he argues that the evidence presented at trial was insufficient to support his convictions for sexual battery and providing obscene material to a minor. We agree in part, and reverse.
I. Sufficiency of Proof of Sexual Battery Counts.
The victim in this case was six years old when his parents discovered their son had possibly been sexually molested by Beber, his grandmother's live-in boyfriend, while he spent the night or weekends at their apartment. Immediately after discovering these claims, the victim's parents confronted *578 Beber and the grandmother and contacted the police. The child was interviewed by Gayna Hensen, an employee with the Wuesthoff Hospital Child Protection Team, who had been specially trained to do forensic interviews with children. The interview was taped. At the time of the trial, the victim was 8 years old, and he was available to testify.
The prosecution intended to have the video tape played for the jury, in addition to presenting the child as a state's witness. The prosecution made appropriate motions to have the tape admitted as substantive evidence, pursuant to section 90.803(23)(a), Florida Statutes. That section provides:
(23) Hearsay exception; statement of child victim.
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:

1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate;.... (Emphasis added)
The trial judge held a hearing on this matter with due notice to Beber. At the hearing, the victim's mother and Hansen testified. The court ruled that the tape would be admitted at trial, and made sufficient findings to justify its admission: the two witnesses were credible sources of information, the methods of questioning the child were trustworthy, the language of the child was consistent with his age, there was no evidence he was coached, conditioned, or interviewed too many times, and the circumstances surrounding the videotaped interview offered sufficient safeguards of reliability to merit its admission and consideration as substantive evidence at the trial.
The defense does not question on appeal the correctness of the trial judge's findings pursuant to section 90.083(23), the procedure employed in determining the tape's admissibility, and the sufficiency of the testimony on which the court's findings are based. Rather the defense relies on the fact that the tape, alone, provided the sole basis for proof of the two counts of sexual battery. In the course of the tape, the child told his interviewer that Beber put the child's "private" (penis) in his mouth, two different times. However, at the trial, the child testified other improper sexual acts were done to him by Beber, and denied fellatio occurred.
At trial on direct examination, the child was unresponsive, often answering the prosecutor's questions with "I don't know," or that he did not remember. When asked by the prosecutor what Beber touched the victim's "private" with, the child answered "his hand." The prosecutor began to ask "leading questions," for which he was warned by the trial judge. The prosecutor tried again by asking: "Did he touch you *579 in the bathtub with his mouth?" The defense objected, to the question as leading and the trial judge sustained the objection. The prosecutor finally asked the child: "Did he ever touch your private with anything besides his hand?" The child replied: "I don't know."
On cross-examination, the defense followed up this line of questioning. He also asked about what Beber touched the child with. The following exchange occurred:
Q. Did he touch you with his hands, right?
A. Yes.
Q. Anything else? He ever touch you with anything else?
A. No.
Q. Are you sure?
A. Yes.
Q. You swear?
A. Yes.
Q. Pinky finger?
A. Yes.
The defense also tried to impeach the child's trial testimony with various inconsistencies contained in a pretrial deposition of the child. The inconsistencies primarily involved details of where and when and how often the various molestations occurred, not that they did not occur. However, in the deposition, the child apparently also said Beber touched his "private" only with his hands.
The defense argues on appeal that because the child's testimony at trial was inconsistent with his testimony on the videotape and tended to refute it, the tape standing alone, provides a legally insufficient basis upon which to convict Beber of sexual battery. The defense cites State v. Moore, 485 So.2d 1279 (Fla.1986) and State v. Green, 667 So.2d 756 (Fla.1995), as controlling precedent for the concept that prior inconsistent statements made by witnesses who testify at trial but who recant the prior statements at trial, are insufficient as a matter of law to sustain guilt beyond a reasonable doubt in a criminal trial. In Moore, the inconsistent statements were admitted pursuant to section 90.801(2)(a),[6] a different hearsay exception than the one at issue here.
In Green, a defendant was prosecuted and convicted of sexual abuse of a 14 year old victim, who was mentally retarded (IQ age 7). The child reported the abuse to her sister and again to the Child Protection Team, which videotaped her interview. Both her prior statement and the videotape were admitted at trial, pursuant to section 90.803(23). At trial, the child victim recanted her testimony that the defendant was her abuser. She accused two other men. The court concluded that:
To convict Green based solely on the prior inconsistent statements of the victim would indeed create too great a risk of convicting an innocent accused.
667 So.2d at 760. The court cautioned, however, that this does not mean inconsistent statements admitted under section 90.803(23) can never be used as substantive evidence "when other proper corroborating evidence is admitted." But in that case, as well as this one, there was no corroborating evidence.
However, in Department of Health and Rehabilitative Services v. M.B., 701 So.2d 1155 (Fla.1997), a dependency case, the *580 court receded from Green and Moore. See also Conner v. State, 748 So.2d 950, 959 (Fla.2000). It said, pursuant to section 90.803(23), a child victim's out-of-court statements could be admitted as substantive evidence, even if inconsistent with the child's in-court testimony. The court quoted and agreed with Professor Erhardt's treatise[7] which suggests that if the out-of-court statement is admitted under a recognized hearsay exception or a statement pursuant to section 90.803(23), "which is surrounded by circumstantial guarantees of reliability," it is admissible as substantive evidence even though inconsistent with the in-trial testimony of the child.[8] Thus, perhaps corroborating evidence is not required where the reviewing court "has confidence" in the prior statement, to sustain a criminal conviction. However, the court then proceeded to distinguish the case before it because: 1) the child victim did not really recant her prior statements; she only said someone had sexually assaulted her, not that the defendant did not do it, and 2) this was a dependency case, not a criminal case.
The third district in Williams v. State, 714 So.2d 462 (Fla. 3d DCA 1997), concluded that prior inconsistent statements, which are recanted at trial, may serve as the sole basis to sustain a criminal conviction, if the out-of-court statements are admitted pursuant to a "firmly rooted" hearsay exception. In Williams, the statements were admitted at trial as "excited utterances" under section 90.803(2), which is an historically well-recognized hearsay exception.
The most recent court to address this issue is the fourth district in Mikler v. State, 829 So.2d 932 (Fla. 4th DCA 2002). This was a sexual battery and molestation case involving a child victim. A videotape of the child's interview with detectives was admitted as substantive evidence pursuant to section 90.803(23). In the tape, the child described the act of fellatio the defendant perpetrated against her. At the trial, the child testified as to various other sex acts the defendant perpetrated against her, but she did not mention fellatio, and she was not cross-examined about it. The court indicated it agreed with Professor Erhardt's Treatise, that a statement admitted under section 90.803(23), standing alone, would be sufficient to convict a defendant of a crime, even if inconsistent with the in-court testimony. That is dictum, however, because the court went on to distinguish the case before it from *581 Green on two grounds: 1) in Green, the victim's out-of-court statement "directly conflicted" with her testimony at trial and in that case it did not, and 2) there was other corroborating evidence that a sexual attack had occurred (a DNA test, the nurse's physical examination of the child, and the defendant's statements to the police) making it "likely" fellatio was included.
This case is more difficult than Mikler to sustain a sexual battery conviction, based on the child's video admitted pursuant to section 90.803(23). There is no corroborating evidence that fellatio occurred, unless one can properly consider as corroborating evidence, the child's testimony that other sexual crimes occurred and draw therefrom an inference that fellatio also was perpetrated. That appears quite a stretch, given the state's high burden of proof.
Also, in this case, the child's in-court testimony was in "direct conflict" with the videotape, unlike Mikler, where the child's in-court testimony simply omitted the crime of fellatio. On the videotape, the child victim in this case said fellatio occurred. In court, he testified on direct examination that he was only touched by the defendant's hands, or that he did not know. And, on cross-examination, he swore that he was touched only by the defendant's hands. One could argue, that this is merely "inconsistent" rather than in "direct conflict," but in our view, resolution of this issue in such a manner would require courts to draw such a fine line of distinction as to make them appear to dance on the head of a pin. More certainty is needed in resolving legal issues, especially in criminal cases.
We resolve this case by concluding that the out-of-court statement of the child, admitted pursuant to section 90.803(23), is sufficient to sustain Beber's conviction of sexual battery, even though there is no true corroborating evidence other than the child's in court testimony that Beber perpetrated various other sexual crimes on him, and even though the child contradicted his videotaped statement in court, where the circumstances of the taped interview were surrounded with multiple safeguards of reliability, and nothing in this record objectively suggests a basis for this court to lack confidence in the criminal conviction.
II. Sufficiency of Proof of Providing Obscene Materials to a Minor.
At the trial, the prosecutor sought to present evidence to sustain the charges that Beber had shown the child an obscene videotape (Count 8) and obscene photographs or representations (Count 9). Sharon Roman, a police officer, testified the police searched the apartment where Beber had been living and where the various crimes allegedly took place. She said they found a stack of videotapes, a magazine underneath the seat pad of a chair, and a photograph on top of the refrigerator, lying flat, and not displayed. The tapes were viewed, but another investigator testified he found no pornography on them. Accordingly, the judge entered a judgment of acquittal on Count 8.
The magazine and photograph were arguably pornographic, as they depicted sex acts and nude males and females. The trial judge admitted them into evidence over objection of the defense on the ground that the child was not shown either the photograph or the magazine at the trial and it was not established that he had been shown these materials.
The state argued that this link had been made because the child agreed at the trial that Beber had shown him "bad magazines or dirty magazines." However, in the next *582 breath the child said he did not know if he had "ever" seen "any dirty pictures or anything." On the video tape, he also testified Beber had shown him "magazines" with naked people on them and that in one of them a boy was touching a girl's private and a girl was touching a boy's private. But, he failed to identify which magazines he had been shown.[9]
We think the proof in support of Count 9 was insufficient to sustain a criminal conviction for showing the child an "obscene" magazine or picture. § 847.0133(1). Because the child did not identify the magazine and picture which were admitted in evidence as the ones he had been shown, it was error to admit them in evidence, and to permit the jury to infer that these were the materials Beber had shown him. That left as the sole proof of this count the child's "yes" response at trial to the question of whether Beber had shown him any "bad magazines or dirty magazines."
For purposes of section 847.0133(1), "obscene" is defined in section 847.001(10) as:
(10) `Obscene' means the status of material which:
(a) The average person applying contemporary community standards, would find, taken as a whole, appeals to the prurient interest;
(b) Depicts or describes, in a patently offensive way, sexual conduct as specifically defined herein; and
(c) Taken as a whole, lacks serous literary, artistic, political or scientific value.
This statutory definition appears to contemplate, in most cases, that the materials themselves will be submitted to a jury or finder of fact, for a determination that they are obscene, as beyond the pale of community standards, and that they lack any redeeming value.[10] A child's characterization of unidentified materials as "bad" or "dirty" simply does not cut it.
Accordingly, we affirm this case in all respects except for Count 9, which we reverse. A new sentencing need not take place, since reversal of this count and the vacating of the sentence for this count will not affect Beber's other sentences.
AFFIRMED in part; REVERSED in part.
GRIFFIN, J., concurs.
PALMER, J., concurs specially without opinion.
NOTES
[1] Section 794.011(2), Fla. Stat. (2001).
[2] Section 800.04(5), Fla. Stat. (2001).
[3] Section 800.04(6), Fla. Stat. (2001).
[4] Section 800.04(7), Fla. Stat. (2001).
[5] Section 847.0133, Fla. Stat. (2001).
[6] This statute provides that:

A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
(a) Inconsistent with the declarant's testimony and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceedings or in a deposition.
[7] Charles W. Erhardt, Florida Evidence, § 803.23 at 701 (1996 ed).
[8] In Conner v. State, 748 So.2d 950, 958 (Fla. 2000), citing Dept. of H.R.S. v. M.B., 701 So.2d 1155, 1158 n. 4 (Fla.1997) which quoted Judy Yun, A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases, 83 Colum.L.Rev. 1745, 1751 (1983), the supreme court discussed the elderly or disabled adult hearsay exception, analogizing to the child hearsay exception as follows:

[T]he "victim's out-of-court statements may, in fact, be more trustworthy than his or her in-court testimony" due to the stress and trauma of rehashing bad memories, hostile attacks on the child's credibility, facing the alleged perpetrator again, and testifying against a close relative. In this situation, "children, if they replay at all, often give confused and inaccurate answers ... are susceptible to leading questions and often tailor their replies to appease the examining attorney."
The Conner court also cited to State v. Robinson, 153 Ariz. 191, 735 P.2d 801, 814 (Ariz. 1987), where the Arizona supreme court observed:
A young child's spontaneous statements about so unusual a personal experience, made soon after the event, are at least as reliable as the child's in-court testimony, given months later, after innumerable interviews and interrogations may have distorted the child's memory. (Emphasis in original).
[9] On the videotaped interview, the child said Beber made him watch a videotape of adults engaged in sexual intercourse. But as noted above, Count 8 failed for lack of proof. To make matters worse, on closing argument the prosecutor erroneously said the child (on the videotaped interview) had said he saw a picture not a videotapeof sexual intercourse.
[10] See generally, Ginzburg v. U.S., 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31 (1966); Hamling v. U.S., 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973); State v. Aiuppa, 298 So.2d 391 (Fla. 1974); Golden Dolphin No. 2, Inc. v. State Div. of Alcoholic Beverages & Tobacco, 403 So.2d 1372 (Fla. 5th DCA 1981).