887 So.2d 1248 (2004)
Rick BEBER, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-1765.
Supreme Court of Florida.
November 10, 2004.
*1249 James B. Gibson, Public Defender, Dee Ball and Nancy Ryan, Assistant Public Defender's, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robin A. Compton and Kellie A. Nielan, Assistant Attorney General's, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review Beber v. State, 853 So.2d 576 (Fla. 5th DCA 2003), based on express and direct conflict with our decision in State v. Green, 667 So.2d 756 (Fla.1995), and State v. Moore, 485 So.2d 1279 (Fla.1986). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons expressed below, we quash the decision of the district court in Beber.

Facts and Procedural History
Rick Beber was convicted of a number of sexual offenses involving a minor, including capital sexual battery. The victim was the six-year-old grandson of Beber's girlfriend. Beber was sentenced to consecutive sentences on all of the convictions, including two life sentences for the capital sexual battery convictions.
The sexual offenses came to light when the child's parents discovered a note in which the child avowed his love for a little girl and stated that he wanted to have sex with her. When the parents asked the child who had taught him this "stuff," the child revealed that he had learned about sex from Beber and that Beber had "touched his private." When the parents learned about this possible sexual molestation, they confronted Beber and the child's grandmother and called the police. The child was interviewed by a Child Protection Team (CPT) worker who had been specially trained to conduct forensic interviews with children. The interview was videotaped.
At the time of trial, the child victim was eight years old and available to testify at trial. In addition to presenting the child as a witness, the State intended to present the videotaped interview as substantive evidence under section 90.803(23)(a), Florida Statutes (2002).[1] The prosecution made *1250 the appropriate motions and the trial judge held a hearing on the matter. The child's mother and the CPT worker who conducted the interview testified at the hearing. The judge ruled that the videotape would be admitted and made the necessary findings to justify its admission.[2]
In the course of the videotape, the child told the interviewer that Beber had put the child's penis in Beber's mouth on two different occasions. At trial, while the child testified that Beber engaged in other improper sexual acts, the child did not testify that fellatio had occurred. On direct examination, the child testified that Beber had touched his penis with his hand, but stated that he did not know if Beber had touched him with anything other than his hand. On cross-examination, the child testified that Beber had not touched him with anything but his hand and stated that he was sure of this. See Beber, 853 So.2d at 578-79.
On appeal to the Fifth District Court of Appeal, Beber challenged the sufficiency of the evidence to support his convictions for sexual battery and for providing obscene material to a minor.[3] Beber argued that the videotaped testimony was legally insufficient to convict him of sexual battery, in *1251 light of the child's inconsistent testimony at trial which tended to refute the taped testimony. Beber cited to this Court's decisions in State v. Green, 667 So.2d 756 (Fla.1995), and State v. Moore, 485 So.2d 1279 (Fla.1986), for the proposition that prior inconsistent statements made by a witness who recants the statements at trial are insufficient as a matter of law to sustain guilt beyond a reasonable doubt in a criminal trial.
On appeal, the Fifth District characterized the child's in-court testimony as being in "direct conflict" with the videotape because the child stated on the videotape that fellatio had occurred but testified in court that Beber only touched him with his hands. Beber, 853 So.2d at 581.[4] While the Fifth District discussed this Court's decisions in Green and Moore, it concluded that this Court had "receded from Green and Moore" in Department of Health & Rehabilitative Services v. M.B., 701 So.2d 1155 (Fla.1997). Beber, 853 So.2d at 580. The Fifth District stated that in light of M.B."perhaps corroborating evidence is not required [to sustain a criminal conviction] where the reviewing court `has confidence' in the prior statement." Id. Under this standard, the Fifth District concluded that the child's out-of-court videotaped statement, which had been admitted pursuant to section 90.803(23), was
sufficient to sustain Beber's conviction of sexual battery, even though there is no true corroborating evidence other than the child's in court testimony that Beber perpetrated various other sexual crimes on him, and even though the child contradicted his videotaped statement in court, where the circumstances of the taped interview were surrounded with multiple safeguards of reliability, and nothing in this record objectively suggests a basis for this court to lack confidence in the criminal conviction.
Id. at 581.
Beber sought review by this Court on the basis of conflict with the decisions in Moore and Green. The Court accepted review and heard oral argument on the issue of whether Beber's capital sexual battery convictions could be sustained where the only evidence of fellatio was the child's hearsay statements which had been admitted under section 90.803(23).

Analysis
"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Beber was charged with two counts of capital sexual battery upon a child less than twelve years of age, as provided in section 794.011(2)(a), Florida Statutes.[5] The information alleged that Beber committed this offense by "placing *1252 his mouth, tongue on or in union with the [child's] penis." The only evidence adduced at trial that Beber placed his mouth on the child's penis was the out-of-court statements that the child made during the videotaped interview. The child contradicted these statements in his in-court testimony, stating that Beber only touched his penis with his hand.
On direct examination at trial, the child was unresponsive, often answering the prosecutor's questions with "I don't know," or that he did not remember. When asked by the prosecutor what Beber touched the victim's "private" with, the child answered "his hand." When the prosecutor asked "Did he touch your private with his mouth in the [bathtub]," the defense objected to the question as leading and the trial judge sustained the objection. The prosecutor finally asked the child: "Did he ever touch your private with anything besides his hand?" The child replied: "I don't know." On cross-examination, defense counsel followed up on this line of questioning. When defense counsel asked what Beber had touched the child with, the child stated that he was sure that Beber never touched him with anything but his hands. The child also swore that this was true.
In Moore, this Court held, "as a matter of law, that in a criminal prosecution a prior inconsistent statement standing alone is insufficient to prove guilt beyond a reasonable doubt." 485 So.2d at 1281. Moore had been indicted for first-degree murder based on grand jury testimony by two witnesses who later recanted their testimony and testified at trial that they had lied to the grand jury. However, the witnesses' prior inconsistent testimony before the grand jury was introduced as substantive evidence at trial under section 90.801(2)(a).[6] Moore was convicted of second-degree murder even though the prior inconsistent grand jury testimony was the only substantive evidence adduced against him at trial. On appeal, the Fourth District Court of Appeal reversed Moore's conviction on the ground that the proof was legally insufficient to sustain the conviction and certified the question of whether prior inconsistent statements, standing alone, were sufficient evidence to sustain Moore's conviction. This Court agreed that "the risk of convicting an innocent accused is simply too great when the conviction is based entirely on prior inconsistent statements." Id. at 1281.
In Green, this Court was asked whether a child victim's prior inconsistent hearsay statements, which were admitted as substantive evidence pursuant to section 90.803(23), were sufficient to sustain a criminal conviction. We explained that our previous decision in Moore was dispositive and required a finding that this evidence, standing alone, was insufficient to convict Green. Green, 667 So.2d at 760. We also emphasized that the holding in Moore applied "regardless of whether the prior inconsistent statement is admitted under section 90.801(2)(a) or section 90.803(23)." Id."To allow the state to use as its sole evidence of the commission of the crime charged such prior unsworn, out of court statements which were not subject to cross-examination by the defendant [would] violate[ ] the [defendant's] sixth amendment right to confrontation and cross-examination." Id. (quoting with approval Jaggers v. State, 536 So.2d 321, 325 (Fla. 2d DCA 1988)). While inconsistent statements admitted under section *1253 90.803(23) can be used as substantive evidence when other proper corroborating evidence is admitted, in Green's case we concluded that the testimony of the examining physician was "simply not adequate to supply that corroboration." Id. at 761.
In M.B., this Court addressed the child victim hearsay exception in section 90.803(23) in the context of a child dependency proceeding. First, the Court held that a child's prior out-of-court statements are admissible as substantive evidence under section 90.803(23) even if inconsistent with the child's in-court testimony, so long as the out-of-court statements satisfy the reliability safeguards established in the statute and refined in subsequent case law. M.B., 701 So.2d at 1162. Second, and germane to the Fifth District's decision in this case, we concluded that the combination of the child's prior inconsistent statements admitted under section 90.803(23) and medical evidence corroborating the out-of-court statements was sufficient to establish the dependency of the child under the preponderance of the evidence standard applicable to dependency proceedings. Id. However, we also explicitly distinguished M.B. from Green and Moore based on the type of proceedings involved (dependency versus criminal conviction), the goal of the proceedings (protection of the child versus punishment of the perpetrator), the standard of proof involved (preponderance of the evidence versus beyond a reasonable doubt), and the fact that the constitutional right to confrontation is only at issue in a criminal proceeding. Id. at 1162-63.
The holding in M.B. is clearly not applicable to a criminal conviction, nor can it be extended to that context without running afoul of constitutional protections. The Fifth District erroneously concluded that we receded from Green and Moore in M.B. See Beber, 853 So.2d at 579-80. We did not recede from Green and Moore in the M.B. case. The standard applicable in M.B., a dependency case, is not applicable to a criminal case and cannot be relied on to sustain Beber's criminal conviction. Moreover, our decision in Green is dispositive in this case and requires a finding that the child's hearsay statements, standing alone, are insufficient to sustain Beber's conviction of capital sexual battery. See Green, 667 So.2d at 760-61. Accordingly, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, CANTERO, and BELL, JJ., concur.
NOTES
[1] Section 90.803(23) provides a hearsay exception for the out-of-court statements made by a child victim when the time, content, and circumstances of the statement provide sufficient safeguards of reliability. The statute provides:

(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse or neglect, any act of sexual abuse against a child, the offense of child abuse, the offense of aggravated child abuse, or any offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to s. 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
§ 90.803(23), Fla. Stat. (2002).
[2] The judge found that the two witnesses were credible sources of information; the interviewing methods were trustworthy; the child's language was consistent with his age; there was no evidence that the child had been coached, conditioned, or interviewed too many times; and the circumstances surrounding the videotaped interview offered sufficient safeguards of reliability. See § 90.803(23)(a)(1), Fla. Stat. (2002) (listing factors court may consider in determining reliability of child victim's hearsay statement); see also State v. Townsend, 635 So.2d 949, 957-58 (Fla.1994) (setting forth additional factors that court may consider in its reliability determination).
[3] Beber's conviction for providing obscene materials to a minor is not at issue in our review of this case. On appeal, the Fifth District agreed with Beber that the evidence was insufficient to support the obscene material conviction and reversed the conviction and vacated the sentence for that count. Beber, 853 So.2d at 581-82.
[4] At oral argument before this Court, the State maintained that the Fifth District mischaracterized the child's in-court testimony as being inconsistent. The State also urged this Court to determine de novo that there was no inconsistency between the child's in-court testimony and out-of-court statements. We do not believe the record bears this out. Further, we agree with the Fifth District that to resolve this case on this basis "would require courts to draw such a fine line of distinction as to make them appear to dance on the head of a pin." Beber, 853 So.2d at 581.
[5] While Beber was charged with committing these acts between June 2000 and June 2001, the current version of the statute is the same as the statute under which Beber was charged and convicted. Section 794.011(2)(a), Florida Statutes (2004), provides in pertinent part that "[a] person 18 years of age or older who commits sexual battery upon ... a person less than 12 years of age commits a capital felony...."
[6] Section 90.801(2)(a), Florida Statutes (2004), provides that a prior inconsistent statement which has been given under oath at a trial, hearing, or other proceeding is not hearsay "if the declarant testifies at the trial ... and is subject to cross-examination concerning the statement."