PADOVANO, J.
 

 We conclude that the evidence presented on two of the charges against the defendant was insufficient in that it consists entirely of hearsay. Accordingly, the case is remanded for a judgment of acquittal on those charges. The remaining conviction is supported by the testimony of a witness having first-hand knowledge of the event. That conviction is affirmed.
 

 The defendant was charged with two crimes against his six-year-old son, M.J. (sexual battery on a child under twelve and lewd or lascivious molestation); one crime against his ten-year-old daughter, L.J. (lewd or lascivious molestation); and one crime against his eleven-year-old niece, S.J. (lewd or lascivious molestation). All of the charges were tried in a single jury trial.
 

 Another of the defendant’s children, P.J., who was not herself a victim, originally reported the offenses against M.J. and
 
 *1165
 
 L.J. to adults. Eventually, all three of the children accused the defendant of the offenses. A child protection team videotaped interviews with the victims, M.J. and L.J., in which they said that the defendant had molested them.
 

 The defendant sought to exclude all of these statements on the ground that they were unreliable and therefore did not qualify for admission as child hearsay under section 90.803(23), Florida Statutes (2004). He also argued that the admission of the statements would violate his Sixth Amendment right to confront the witnesses against him. The trial court rejected these arguments based on detailed findings that the statements were reliable, and the prosecutor’s representation that the children would be called as witnesses at trial. We find no error in either of these rulings.
 

 At trial, the state presented the testimony of several adults, who related the statements the three children had made to them. The state also introduced the videotapes made by the child protection team worker. However, M.J. and L.J. did not testify consistently with the statements they had made earlier, and their testimony was not otherwise sufficient to prove that the crimes had been committed.
 

 When M.J. was called as a witness at trial, he testified that the things he said on the videotape had not happened. The prosecutor asked why he would have told the child protection team worker that his father had molested him, and he replied, “I don’t know.” When pressed further on the issue, he said that his sister P.J. had convinced him to make the accusation against his father. M.J. said several times that he was not sure whether the testimony he was giving in court was true. However, at no point did he repeat or adopt the accusation he had made earlier against his father.
 

 Likewise, L.J. testified at trial that the accusations she had made about her father were not true. She explained that she had joined her brother, sister, and cousin in making up the story about him. When asked why she would do such a thing, she said that her father was mean. The prosecutor questioned L.J. in detail about the accusations she had made to adults and about the videotaped statement she had given to the child protection team worker, but she did not confirm the truth of any of the statements.
 

 S.J. told the jury that the defendant was her uncle and that he was living in the same house with her for a time when she was eleven years old. She testified that one night, the defendant came into her bedroom and “had [her] touch his thing and rub it with her hands.” He then lifted her leg, at which point she kicked him, and he left. The state introduced a drawing on which S.J. had circled the body part the defendant had made her rub. S.J. testified that she had not witnessed anything inappropriate between the defendant and either M.J. or L.J.
 

 When the state rested its case, the defendant moved for judgment of acquittal on the three charges involving his own children, M.J. and L.J. He argued these charges were supported only by hearsay statements that were recanted by the children in their trial testimony. The trial court granted the motion as to the charge pertaining to the defendant’s daughter, L.J., but denied it as to the two charges pertaining to the defendant’s son, M.J. The court reasoned that M.J. had testified at trial that he did not know if he was telling the truth, so his testimony was not actually a recantation of the statements that had been related to the jury under section 90.803(23).
 

 
 *1166
 
 At the conclusion of the trial, the defendant renewed his motion for a judgment of acquittal as to the charges involving M.J., and it was once again denied. The jury returned a verdict of guilty as charged for the two crimes against M.J. (sexual battery of a child under twelve and lewd or lascivious molestation), and guilty as charged for the crime against the defendant’s niece, S.J. (lewd or lascivious molestation). The trial court sentenced the defendant to a term of life on the sexual battery charge and to thirty years on the remaining two charges.
 

 Whether the evidence presented in a criminal case is sufficient to sustain the defendant’s conviction is an issue of law. The sufficiency of the evidence is tested at trial by a motion for a judgment of acquittal under rule 3.380 of the Florida Rules of Criminal Procedure, and reviewed on appeal by the de novo standard.
 
 See Jones v. State,
 
 790 So.2d 1194 (Fla. 1st DCA 2001). We conclude that the evidence in this case was not sufficient to sustain the convictions for either of the alleged crimes against the defendant’s son, M.J., and that the defendant is therefore entitled to a judgment of acquittal on those two charges.
 

 The hearsay statement of a child alleging sexual abuse may be admissible in evidence under section 90.803(23), but the statement alone is not sufficient to sustain a conviction for a crime.
 
 See State v. Green,
 
 667 So.2d 756 (Fla.1995);
 
 State v. Moore,
 
 485 So.2d 1279 (Fla.1986). The state must still prove the elements of the crime through the testimony of the child at trial or by other substantive evidence. If the only evidence of guilt is a child victim’s out-of-court statement admitted under section 90.803(23), and if the child has recanted the accusation in court, the trial court must grant a motion for judgment of acquittal.
 
 See Baugh v. State,
 
 961 So.2d 198 (Fla.2007);
 
 Beber v. State,
 
 887 So.2d 1248 (Fla.2004).
 

 The state argues that these cases do not apply here because the child’s testimony does not qualify as recantation. This argument is based on the fact that the child testified at trial that he did not know whether he was telling the truth when he said that the accusation had been made up. However, despite the fact that the child often answered “I don’t know” to questions by the lawyers, he did plainly state on several occasions that the abuse he had earlier reported had not actually occurred. This kind of testimony (repeated answers of
 
 “I
 
 don’t know” or that the child does not recall, combined with his testimony that the defendant did not commit the alleged acts) is precisely the kind the supreme court has characterized as a recantation.
 
 See Beber,
 
 887 So.2d at 1252.
 

 The most that could be said of M.J.’s trial testimony is that it leaves open the possibility that his earlier accusation was true. That is not proof of guilt. The child was reluctant and equivocal, but at no point did he adopt or support the accusation he had made in his out-of-court statement. The state has the burden of proving beyond a reasonable doubt that the defendant is guilty of the crime charged. That burden cannot be established by testimony that the victim does not know whether he is telling the truth by retracting an earlier accusation. It can only be established by affirmative evidence that the crime was committed. Because there was no evidence of the crimes against M.J. in this case other than the child’s out-of-court statements, we must reverse the defendant’s convictions for those crimes.
 

 The remaining conviction for the crime of lewd and lascivious molestation of the defendant’s niece, S.J., presents a different situation. Unlike the other victims, S.J.
 
 *1167
 
 testified at trial that the defendant had, in fact, sexually molested her. The argument for reversal as to this conviction is that the trial judge should not have admitted the pretrial statements of M.J., L.J., and P.J. However, these statements were limited to the alleged crimes involving the defendant’s children, M.J. and L.J., and did not implicate him in the alleged crime against his niece, S. J.
 

 The defendant maintains that the admission of these statements operated like erroneously admitted collateral crime evidence. He posits that the jurors had the benefit of the statements and videotaped interviews showing that the defendant had committed sex offenses against his own children, M.J. and L.J., so they must have considered it more likely that he did, in fact, molest his niece, S.J., as she said. This argument overlooks the fact that the statements and videotapes relating to the alleged crimes against M.J. and L.J. were admitted in evidence at a time when charges were still pending against the defendant for those offenses. These statements were not evidence of collateral crimes, as the defendant suggests; they pertained directly to charges contained in the information in this case. If the trial of these offenses in a single jury trial resulted in some prejudice to the defendant, a point we need not address now, that is an issue that could have been raised in a motion to sever the offenses under rule 3.152(a) of the Florida Rules of Criminal Procedure.
 

 For these reasons, we reverse the convictions for sexual battery and lewd and lascivious molestation, the alleged crimes against M.J. The defendant is entitled to a judgment of acquittal as to these crimes. We find no error in the conviction or sentence for lewd and lascivious molestation of the defendant’s niece, S.J., and on that count, we affirm.
 

 Affirmed in part and reversed in part.
 

 HAWKES, C.J., and KAHN, JJ., concur.