LAWSON, J.,
concurring specially.
I concur in the majority opinion, but write to stress the uniqueness of this case, and to explain why it will have limited precedential value beyond these facts. In most cases a defense lawyer’s failure to explain the legal effect of a particular witness’ testimony or some other piece of evidence will not rise to the level of a manifest injustice requiring a trial court to grant a defendant’s post-sentencing motion to withdraw plea. This case is unique in that Appellant’s counsel made a series of mistakes culminating in Appellant’s unwitting plea to a charge that the State could not prove.
Counsel’s failures began during the trial of case number 08-983, when the State sought to cross-examine the victim (Appellant’s step-father), with his out-of-court statements to police. Counsel should have requested an instruction limiting the use of this evidence to the jury’s assessment of the witness’ credibility. See State v. Smith, 573 So.2d 306, 316 (Fla.1990) (“Section 90.107 of the Florida Statutes (1987)[1] provides: When evidence that is admissible as to one party or for one purpose, but inadmissible as to another party or for another purpose, is admitted, the court, upon request, shall restrict such evidence to its proper scope and so inform the jury at the time it is admitted.’ ”) (emphasis in original); Lightfoot v. State, 591 So.2d 305, 306 (Fla. 1st DCA 1991). Because counsel failed to request that the evidence be admitted for the limited purpose of impeach *423 ment, the statement was placed before the jury as substantive evidence. Id.; see also, Miller v. State, 780 So.2d 277, 279 (Fla. 3d DCA 2001); Martin v. State, 736 N.E.2d 1213, 1218 (Ind.2000); State v. Smith, 24 S.W.3d 274, 276 & 279-82 (Tenn.2000); but see State v. Allien, 366 So.2d 1308, 1310-11 (La.1978). Counsel made the same mistake with respect to the State’s other primary witness at trial—Appellant’s mother.
The witnesses’ direct testimony was that they saw no knife, and neither saw nor felt any object that could have been a knife during Appellant’s altercation with his step-father. Therefore, if counsel had sought to limit admission of the prior inconsistent statements to their proper scope, there would have been no substantive evidence from which a jury could have concluded that Appellant used a knife during the assault. See Butler v. State, 602 So.2d 1303, 1305 (Fla. 1st DCA 1992) (“those cases which have found that the evidence of possession of a ... ‘weapon’ was legally sufficient have involved either direct testimony based upon actual observation of the weapon, or a clearly distinguishable portion of it; or substantial circumstantial evidence indicating possession of a weapon.”) (citations omitted). Additionally, had counsel made the proper objections, evidence about the knife found in Appellant’s truck would have also been properly excluded from evidence. E.g., O’Connor v. State, 835 So.2d 1226, 1231 (Fla. 4th DCA 2003) (“where the evidence at trial does not link a weapon seized to the crime charged, the weapon is inadmissible”).
Even with the impeachment evidence admitted as substantive evidence, Appellant’s lawyer could still have presented a viable motion for judgment of acquittal as to the aggravated assault charge on grounds that the evidence of Appellant’s use of a weapon during the assault was contained only in prior inconsistent statements. This is because the Florida Supreme Court has held “ ‘as a matter of law, that in a criminal prosecution a prior inconsistent statement standing alone is insufficient to prove guilt beyond a reasonable doubt.’ ” (Beber v. State, 887 So.2d 1248, 1252 (Fla.2004) (quoting State v. Moore, 485 So.2d 1279, 1281) (Fla.1986)). This ruling is founded on due process concerns, and applies even where the prior inconsistent statement is admitted as substantive evidence. Id. Although counsel did move for a judgment of acquittal, he did not make this argument — or cite to Beber.
Finally, Appellant’s counsel allowed Appellant to plea to the charge that should have been resolved in Appellant’s favor at trial, without explaining to him that the State did not have the evidence to convict him of the charge if the witnesses testified consistently with their trial testimony in a future proceeding.
It is the totality of these circumstances that compels us to find a manifest injustice requiring that Appellant be allowed to withdraw his plea.
ORFINGER, J., concurs.

. Prior inconsistent statements that were made under oath subject to the penalty of perjury at a prior trial, hearing or other proceeding, or in a deposition, are admissible under Florida law as substantive evidence, so long as the declarant testifies at the trial or hearing at which the statement is offered, and is subject to cross-examination. § 90.80 l(2)(a), Fla. Stat. (2009); Pearce v. State, 880 So.2d 561, 569 (Fla.2004); but cf. State v. Green, 667 So.2d 756 (Fla.1995) (holding that statements made under oath at a discovery deposition in a criminal case do not qualify for admission as substantive evidence under section 90.801(2)(a)). Evidence of a prior inconsistent statement that is not admissible as substantive evidence under section 90.801(2)(1) is still admissible for impeachment purposes under section 90.614, Florida Statutes, as long as a proper foundation is laid for admission of the evidence. E.g., Jackson v. State, 961 So.2d 1104 (Fla. 5th DCA 2007). The statements at issue in this case were not made at a prior trial, hearing or other proceeding, and were therefore only admissible for impeachment purposes — and not as substantive evidence. Id.