IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOSEPH L. HALLIDAY,

      Appellant,

 v.                                       Case No.  5D15-1803

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 27, 2016

Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

Gray R. Proctor, of The Law Office of
Gray R. Proctor, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Carmen F. Corrente,
Assistant Attorney General, Daytona
Beach, for Appellee.


COHEN, J.

      Joseph Halliday appeals his convictions for sexual battery upon a person under

the age of twelve, lewd and lascivious molestation of a person under the age of twelve,

and distributing obscene material to a minor. Of the issues raised, we find only one has

merit. Halliday argues that the trial court erred in denying his motion for judgment of

acquittal on the lewd and lascivious molestation charge because the only evidence to

support that conviction was the victim's out-of-court statements, which were contradicted by her in-court testimony. We agree.

The victim, S.H., testified at trial. Her testimony was sufficient to establish that Halliday committed sexual battery on a child under twelve and distributed obscene material to a minor. However, contrary to her earlier statements made to the Child Protection Team in a recorded interview, S.H. denied the conduct charged as lewd and lascivious molestation. The State sought to admit the interview as substantive evidence, not merely for impeachment. The trial court admitted the interview as substantive evidence, and the entire recording was played for the jury.[1]

Out-of-court statements of a child witness are permitted as an exception to hearsay under section 90.803(23), Florida Statutes (2015), which provides:

> (23) Hearsay exception; statement of child victim. –
>
> (a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, <u>an out-of-court statement made by a child victim</u> with a physical, mental, emotional, or developmental age of 16 or less describing any act of child abuse or neglect, [etc.], not otherwise admissible, <u>is admissible in evidence in any civil or criminal proceeding if</u>:
>
> > 1. <u>The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability</u> . . . ; <u>and</u>
> >
> > 2. <u>The child either: a. Testifies</u>; or b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. . . .

§ 90.803, Fla. Stat. (2015) (emphasis added).

---

[1] The State also elicited similar hearsay testimony from the mother of S.H. and an investigator from the Department of Children and Families.

In Beber v. State, 887 So. 2d 1248 (Fla. 2004), the Florida Supreme Court made clear that prior inconsistent child-hearsay statements alone are insufficient to sustain a criminal conviction. In Beber, the child victim told investigators during a taped interview that the defendant had performed fellatio upon him. Id. at 1250. While the child testified at trial that Beber had touched the child's penis with his hand, the child denied that Beber had performed oral sex upon him. Id. There was no other corroborating evidence of fellatio. Beber successfully argued that the evidence was insufficient to support his conviction. The Court held that "a prior inconsistent statement standing alone is insufficient to prove guilt beyond a reasonable doubt," and "[a] child's hearsay statements, standing alone, are insufficient to sustain [a] conviction." Id. at 1252-53 (first quoting State v. Moore, 485 So. 2d 1279, 1281 (Fla. 1986); then quoting State v. Green, 667 So. 2d 756, 760 (Fla. 1995)).

Similarly, in Baugh v. State, 961 So. 2d 198, 203-04 (Fla. 2007), the Florida Supreme Court considered a case where the only direct evidence against the defendant was a statement made to police by the child-victim, which was later recanted. In Baugh, the Supreme Court reiterated, "As we held in Green and reaffirmed in Beber, 'a prior inconsistent statement standing alone is insufficient as a matter of law to prove guilt beyond a reasonable doubt.'" Id. at 204 (first quoting Green, 667 So. 2d at 760; then citing Beber, 887 So. 2d at 1251).

Accordingly, because uncorroborated out-of-court statements were the only evidence in this case of lewd and lascivious molestation as charged by the State, we reverse Halliday's conviction on this count and remand for entry of a judgment of acquittal

3

on that charge. We find no error in the convictions for sexual battery and distributing obscene materials, and affirm those convictions.

AFFIRMED IN PART, REVERSED IN PART.

LAWSON, C.J., and EVANDER, J., concur.